### DANIEL L. ROOT v. JAMES SNOW.

*Contract for services—Compensation of attorney.*

In this case the Court find none of the appellant's exceptions well taken, and affirm the judgment.

Error to Muskegon. (Russell, J.) Argued October 21 1887. Decided October 27, 1887.

Assumpsit. Plaintiff brings error. The facts are stated in the opinion.

*Clink & Jones,* for appellant.

*F. W. Cook,* for defendant.

SHERWOOD, J.  In this cause the defendant is an attorney practicing at Muskegon.

In 1874 the steam-tug Hunter became indebted to one Tanner for labor to the amount of $14, who placed the claim in the hands of the defendant for collection, under an agreement with him that he would not charge Tanner more than three or four dollars, besides the proctor's fee, for his services in prosecuting the claim.

In pursuance of the agreement the defendant filed a libel against the boat, and obtained a decree in the district court of the United States, in admiralty, for the amount of the claim, which he collected, and proctor's fees to the amount of $10.  Tanner afterwards assigned his claim to the plaintiff, who presented it to the defendant for payment, and thereupon the defendant tendered to the plaintiff $10, and presented a statement of his charges for services and disbursements in making collection of the claim, for allowance.  The plaintiff declined to receive the amount tendered, or recognize the defendant's claim made against the collection, and brought this suit against the defendant in justice's court, and obtained a judgment for $14 damages, and $8.40 costs of suit.

The defendant appealed to the circuit court, where a second trial was had, and the plaintiff there recovered the amount of the tender, and the defendant was awarded his costs of suit, and attorney fee of $14.

The plaintiff brings error, and relies upon 15 exceptions taken to the proceedings in the case for reversal of the judgment.  All of these have been seen and examined, and, upon an inspection of the record, we find none of them well taken.

The judgment will therefore be affirmed, with costs.

CHAMPLIN and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.